UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JIANMIN ZHANG,

       Petitioner,

       v.                               CAUSE NO. 3:26cv383 DRL-SJF

BRIAN ENGLISH,

       Respondent.

OPINION AND ORDER

Immigration detainee Jianmin Zhang, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Zhang is a citizen of China. In July 2023, he was arrested by United States Border Patrol agents in California near the United States-Mexico border, served with a notice to appear in immigration court, and released on his own recognizance [5-2]. In October 2025, he was arrested by police in Indiana on a battery charge, which remains pending. In December 2025, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant, and he was transferred to Miami Correctional Facility pending conclusion of his removal proceedings [5-3]. On April 13, 2026, an immigration judge ordered him removed to either Germany or China. He waived his right to appeal to the Board of Immigration Appeals (BIA).

Mr. Zhang alleged in his petition, filed in late March 2026, that he was being wrongfully denied an opportunity for release on bond while his removal proceedings were

pending. The Warden initially responded that Mr. Zhang was subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Mr. Zhang did not file a reply. The court ordered supplemental briefing because it appeared from publicly available information that Mr. Zhang's removal order might have become final. Both parties were granted leave to address this issue, and the Warden responded but Mr. Zhang did not. The Warden says Mr. Zhang is now subject to mandatory detention under 8 U.S.C. § 1231 because his removal proceedings have become final.

The Warden first argues that this court lacks subject matter jurisdiction over the petition. This court has thoroughly considered its jurisdiction to review immigration detention under 8 U.S.C. §§ 1225, 1226, and 1231. For reasons given before, jurisdiction is secure. *See Liang, v. English*, No. 3:25cv1052, 2026 WL 835853 (N.D. Ind. Mar. 26, 2026) (Leichty, J.) (regarding § 1231); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026) (regarding § 1225 and § 1226).

Turning to the merits, the Warden argues that Mr. Zhang has entered the 90-day "removal period" specified in § 1231. Detention during the removal period is mandatory while the government works to effectuate the removal. 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). Under that statute, the 90-day removal period begins on the latest of:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

2

3

8 U.S.C. § 1231(a)(1)(B). Here, Mr. Zhang's removal period began on April 13, 2026, when an immigration judge ordered him removed and he waived his right to appeal. 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1241.1(b). The 90-day removal period will continue through at least July 12, 2026, making his current detention mandatory. Therefore, he has not shown an entitlement to federal habeas relief.

For these reasons, the court DENIES the petition [ECF 1] and DIRECTS the clerk to close this case.

SO ORDERED.

June 9, 2026                                   *s/ Damon R. Leichty*
                                               Judge, United States District Court

3